**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRENDA MARK,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 07-CV-1222** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **GEORGIA RECEIVABLES, Inc., et. al.,** | : | **Magistrate Judge Abel** |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Brenda Mark's complaint. Plaintiff brought a claim pro se against a myriad of Defendants challenging an Ohio state-court order permitting her creditors to garnish her wages. Defendants contend that the Court lacks subject matter jurisdiction. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## II. BACKGROUND

In the early 1990s, Plaintiff accrued a debt to Bally Total Fitness. In 1995, Perimeter Credit, L.P., ("Perimeter") purchased Plaintiff's debt and obtained a judgment against her in a Georgia state court for $1,563.76 plus interest, costs, and fees. By this time, Plaintiff had moved to Minnesota and Perimeter was unable to locate her. As required by Georgia law, Perimeter refiled the judgment with a Georgia state court in 2002 to prevent it from expiring. In 2006, Perimeter found Plaintiff living in Ohio and initiated an action in Georgia state court to garnish her wages.

The Georgia court concluded that because Plaintiff had relocated to Ohio, Perimeter must pursue its wage-garnishment claim in an Ohio state court. The Georgia court dismissed the action and ordered Perimeter to return any improperly garnished wages to Plaintiff. On September 26, 2006, Perimeter brought an action to domesticate the judgment in Ohio. On November 14, 2007, an Ohio state court found for Perimeter and approved the garnishment of Plaintiff's wages. On November 29, 2007, Plaintiff brought this action pro se to halt the garnishment of her wages and to remove the judgment from her credit report.[1] Plaintiff also demands $150,000 in damages. Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### III.  STANDARD OF REVIEW

Subject matter jurisdiction is always a threshold determination. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (holding that there is "no doctrine of hypothetical jurisdiction that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may involve a factual or facial attack. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). If a defendant attacks the factual basis for jurisdiction, the Court "must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). By contrast, "a facial attack on the subject matter jurisdiction . . . questions merely the sufficiency of the

---

[1]The complaint asks for the following remedies: "(1) no further judgments related to this account; (2) stop all garnishment activities; (3) no derogatory reference to this account on my credit report; (4) a letter to my employer, Huntington National Bank stating both garnishment requests were in error; (5) court costs and $150,000; (6) all letters signed by all defendants; (7) a letter of apology. Comp. 6 (Nov. 29, 2007).

pleading." *Gentek Bldg Products, Inc. v. Steel Peel Litig. Tr.*, 491 F.3d 320, 330 (6th Cir. 2007).

When reviewing a facial attack, the Court must construe the allegations in the complaint as true.

*Id*.  If those allegations establish federal claims, jurisdiction exists.  *Id.*

## IV.  LAW AND ANALYSIS

Defendants move to dismiss the complaint on the grounds that the Court has neither

diversity nor federal question jurisdiction over Plaintiff's claim.  They are correct.  It is

axiomatic that federal courts have subject matter jurisdiction over "all civil actions where the

matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of

different States . . . ."  28 U.S.C. § 1332(a)(1).  As a matter of statutory construction, diversity

jurisdiction requires that no defendant share state citizenship with any plaintiff.  *See Caterpillar,

Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  In this case, Plaintiff is domiciled within the same state in

which Defendant Mason, Schilling & Mason Co. is incorporated.  *See Safeco Ins. Co. v. City of

White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994) (holding that a natural person has

citizenship in her domicile and a company has citizenship in the state of incorporation).  Because

Plaintiff and a Defendant share Ohio citizenship, the Court lacks diversity jurisdiction.  *See

Strawbridge v. Curtiss*, 7 U.S. 267, 268 (1806).

Nor may the Court assert federal question jurisdiction over Plaintiff's claim.  The Court

has jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the

United States."  28 U.S.C. § 1331.  But a federal question must be presented on the face of a

plaintiff's well-pleaded complaint.  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914

(6th Cir. 2007).  The Supreme Court has identified three situations in which a case could "arise

under federal law: (1) the plaintiff's cause of action is created by federal law; (2) some

substantial, disputed question of federal law is a necessary element of the well-pleaded state claim; or (3) the claim is really one of federal law." *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-10 (1983)).

It is undisputed that Plaintiff's cause of action relies exclusively upon state law.  Plaintiff challenges whether Ohio law permits her creditors to garnish her wages.  Federal law did not create the cause of action.  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Nor does Plaintiff's claim require the resolution of an "actually disputed and substantial" federal issue.  *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Rather, Plaintiff's claim presents a pure issue of state law.  Accordingly, the Court does not have federal question jurisdiction over this case.

The Court also lacks jurisdiction on account of the Rooker-Feldman doctrine.  The Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments.  *Lance v. Dennis*, 546 U.S. 459, 461 (2006).  As such, the Rooker-Feldman doctrine prohibits lower federal courts from asserting jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Plaintiff is essentially petitioning the Court to overturn an Ohio state court's decision to recognize her debt and allow Perimeter to garnish her wages.  A party "losing in state court is barred from seeking what in substance would be appellate review of the state judgment. . . ." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).  Thus, the Court will not hear Plaintiff's claim.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.


                                         **s/Algenon L. Marbley**
                                     **ALGENON L. MARBLEY**
                                     **UNITED STATES DISTRICT COURT**


**Dated: March 18, 2008**